# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMION BOURN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-cv-01454-JPG ) |
| NURSE BONNIE and NURSE DOE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Damion Bourn, a detainee at St. Clair County Jail ("Jail"), filed this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at the Jail. (Doc. 1). Plaintiff claims that he has been denied adequate medical treatment for a bullet wound in his thumb. (Doc. 1, p. 1). He seeks monetary damages against the defendants. (Doc. 1, p. 4).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the allegations in the Complaint, Plaintiff sustained a gunshot wound to his thumb before he was taken into detention on July 12, 2018. (Doc. 1, p. 2). During his health screening at the Jail, Plaintiff informed an unknown nurse ("Nurse Doe") that a bullet remained lodged in his thumb and caused extreme pain. *Id*. Plaintiff explained that his specialist would order a refill of his prescription pain medication, if contacted. *Id*. Nurse Doe refused to contact the specialist or request a refill of Plaintiff's prescription medication. *Id*. She offered Tylenol as the only available treatment option. *Id*. However, Tylenol is ineffective. *Id*. The Jail's administrators and supervisors[1] ignored Plaintiff's requests for further treatment. *Id*.

## Discussion

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following count:

> **Count 1:** Claim against Nurses Bonnie and Doe for denying Plaintiff adequate medical care for the bullet wound in his thumb since July 12, 2018.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claims not recognized above but encompassed by the allegations in the Complaint are considered dismissed without prejudice for failure to satisfy the *Twombly* pleading standard.**

---

[1] Plaintiff does not identify or name the administrators or supervisors as defendants in this action, and he brings no claim against them.

## Count 1

The legal standard that governs Plaintiff's claim depends on his status as a convicted person or pretrial detainee at the Jail. The Eighth Amendment is applicable to claims brought by convicted prisoners and prohibits cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97 (1976). To state a claim under the Eighth Amendment, a convicted person must demonstrate that each defendant responded to his serious medical condition (an objective standard) with deliberate indifference (a subjective standard). Deliberate indifference is shown when a defendant "actually believed there was a significant risk of harm" to the plaintiff. *Miranda v. County of Lake*, -- F.3d --, 2018 WL 3796482, at *9 (7th Cir. 2018) (citing *Pittman ex rel. Hamilton v. Cnty. of Madison*, 746 F.3d 766, 775-76 (7th Cir. 2014)).

The Fourteenth Amendment Due Process Clause governs claims brought by pretrial detainees. *Miranda*, 2018 WL 3796482, at *9. Unlike convicted persons, pretrial detainees cannot be punished at all. *Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 2475 (2015); *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). In the context of a claim for inadequate medical treatment, the Seventh Circuit Court of Appeals recently clarified that the protections afforded by the Eighth and Fourteenth Amendments are not "functionally indistinguishable." *Miranda*, 2018 WL 3796482, at *9 (*Smego v. Jumper*, 707 F. App'x 411, 412 (7th Cir. 2017)). The applicable standard depends on the plaintiff's relationship with the state. *Id*. In the context of a medical claim brought by a pretrial detainee, the relevant inquiry is not whether the medical defendants acted with deliberate indifference, but rather "purposefully, knowingly, or perhaps even recklessly" when they contemplated the consequences of their actions. *Miranda*, 2018 WL 3796482, at *12.

Count 1 survives preliminary review against Nurse Doe under both standards—even the more demanding Eighth Amendment standard. The bullet wound in Plaintiff's thumb and the associated pain could be considered objectively serious, and Nurse Doe's decision to resort to an ineffective form of treatment could amount to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 440-41 (7th Cir. 2010) (pain and risk of infection are objectively serious medical conditions); *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (medical personnel cannot simply resort to an easier course of treatment that they know is ineffective). Regardless of his status as a prisoner or pretrial detainee, Plaintiff's claim against Nurse Doe survives screening.

However, this claim shall be dismissed without prejudice against Nurse Bonnie. Plaintiff named this individual as a defendant in the case caption but mentioned her nowhere in the statement of his claim. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Where a plaintiff has not included a defendant in his statement of the claim, the defendant is not adequately put on notice of which claims in the complaint, if any, are directed against him or her. *See* FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Count 1 shall therefore be dismissed without prejudice against Nurse Bonnie.

## Identification of Nurse Doe

Plaintiff shall be allowed to proceed with Count 1 against Nurse Doe. However, this defendant must be identified with particularity before service of the Complaint can be made on the nurse. Where a complaint states specific allegations describing the conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. In this case, the St. Clair

County Jail Administrator/Sheriff shall be added as a defendant for the sole purpose of responding to discovery aimed at identifying this defendant with specificity. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of this unknown defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

## Disposition

The Clerk is **DIRECTED** to **ADD** the **ST. CLAIR COUNTY JAIL ADMINISTRATOR/SHERIFF**, in his or her official capacity only, as a defendant, and this defendant shall timely respond to discovery aimed at identifying Nurse Doe with particularity.

**IT IS HEREBY ORDERED** that **COUNT 1** against Defendant **NURSE DOE** survives screening and is subject to further review. As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **ST. CLAIR COUNTY JAIL ADMINISTRATOR/SHERIFF** and **NURSE DOE (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **NURSE DOE** until such time as Plaintiff has identified this individual by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant with particularity. Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 6, 2018**

<u>**s/J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**United States District Judge**