# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMION BOURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-01454-JPG |
| | ) |
| JENNIFER SCHMITTLING, | ) |
| | ) |
| Defendant. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Damion Bourn filed this action pursuant to 42 U.S.C. § 1983 on July 30, 2018, for alleged violations of his constitutional rights at St. Clair County Jail. (Doc. 1). The Complaint survived preliminary review under 28 U.S.C. § 1915A. (Doc. 7). Plaintiff was allowed to proceed with a single claim against an unknown nurse, who was later identified as Jennifer Schmittling.[1] (Doc. 7, p. 5; Doc. 18). Plaintiff was also granted leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $0.68. (Doc. 6).

On July 1, 2019, Defendant Schmittling filed a Motion for Summary Judgment Against Plaintiff for Failure to Exhaust Administrative Remedies. (Doc. 35). Plaintiff's Response was due on or before August 5, 2019. He never responded. He also failed to respond to an Order to Show Cause why the Court should not construe his silence as an admission of the merits of the motion and grant summary judgment to Defendant. (Doc. 39).

On December 16, 2019, the Court entered a second Order to Show Cause—this time requiring Plaintiff to demonstrate why the case should not be dismissed for failure to pay the initial

---

[1] St. Clair County's Jail Administrator/Sheriff and Deborah Hale were named as defendants in their official capacities only, for the sole purpose of identifying Nurse Doe. After Nurse Doe was identified as Jennifer Schmittling, both defendants were dismissed without prejudice. (*See* Doc. 32).

1

partial filing fee for this action. (Doc. 42). He was warned that failure to respond to the Show Cause Order would result in the dismissal of his case for failure to comply with a court order and/or to prosecute his claims. (*Id*.). Plaintiff's response was due on or before January 13, 2019. (*Id*.). Plaintiff did not respond to the Show Cause Order at Document 42.

In late December 2019, Document 42 was instead returned to the Court undeliverable. (*See* Docs. 43 and 44). A note on the envelope states that Plaintiff is "[g]one" from St. Clair County Jail. (Doc. 43, p. 1). Although he was repeatedly reminded of his obligation to update his address within seven days of any address change and warned that his case could be dismissed for failing to do so, Plaintiff did not notify the Court of his address change. (Doc. 2, p. 1; Doc. 7, p. 7). More than two weeks have passed since the Show Cause Order was returned to the Court undeliverable, and the Court has heard nothing from Plaintiff. In fact, Plaintiff has filed nothing with the Court in this case since August 2018—for eighteen months. (Docs. 3 and 5).

The Court will not allow this matter to linger any longer. The action shall be dismissed with prejudice, based on Plaintiff's failure to comply with the Court's Orders to update his address (Docs. 2 and 7), his failure to respond to the Court's Order to Show Cause (Doc. 42), and his failure to prosecute his claim in Count 1. *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice.").

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with multiple Court Orders (Docs. 2, 7, and 42) and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997);

*Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  The pending Motion for Summary Judgment (Doc. 35) is **DISMISSED** as **MOOT**.  The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  January 13, 2020**

**s/J. Phil Gilbert**
**J. PHIL GILBERT**
**United States District Judge**